May it please the Court, Richard Frankel on behalf of Petitioner Jose Banuelos-Ayon. This Court has directed the parties in this case to address the decision of United States v. Larrico Llano, which also addressed whether Cal Penal Code Section 273.5 is a categorical crime of violence. That decision is not binding here and should not be followed for two reasons. First, it is inconsistent with the intervening Supreme Court decision of Johnson v. United States, which establishes that when a state defines the elements of an offense in a way that is clearly broader than the federal definition of a crime of violence, no specific case example is needed per Duenas-Alvarez. The second reason is... And how does that apply here? In Larrico Llano, the Court acknowledged that Section 273.5 had been interpreted by California courts as a battery offense that could be violated by the least offensive touching. And a least offensive touching is not a violent force. It nevertheless held that Section 273.5 was a categorical crime of violence because the defendant in that case could not point to an actual example of a case applying 273.5 to nonviolent conduct, notwithstanding how California had defined the elements of the offense. In Johnson v. United States, the Supreme Court held that a battery offense was not a violent felony within the meaning of the Armed Career Criminal Act, but the language was the same as Section 16A, the attempted use or threatened use of force against the person of another. And in doing so, they relied specifically on the State court's definition of the elements of the offense. And the State court there, Florida Supreme Court, had held that battery could be defined be committed by the least offensive touching. They did not require an actual... But this isn't a battery. It's a corporal injury on the spouse. That's correct, Your Honor. And California courts have explicitly treated 273.5 as a battery offense. We cite several cases in our brief to that effect. The Thurston case, the Jackson case say that is a particularized form of battery. And specifically, the courts have said because of that, it can be violated by the least offensive touching if that touching results in injury. The courts have specifically said that a defendant in a 273.5 case need not intend to cause injury. They only need to intend to commit a least offensive touching. And if that were... Well, but 273.5 says the plain terms of the statute require a person to willfully inflict upon another person a traumatic condition. And the statute defines traumatic condition as one that is caused by physical force. So under California law, this willful infliction requires a direct application of force on the victim by the defendant. So to me, this means that a defendant can only be convicted under 273.5 only if he or she intentionally uses physical force against the person of another because a person cannot be convicted without intentional use of physical force. It would appear that 273.5 categorically falls within a crime of violence. Yes, and that's the reasoning that the LaRico-Yano court used as well. But when you say intentionally use physical force, the physical force there is physical force within the meaning of a battery offense. And that's any nonconsensual touching. That's this, you know, as would be for any battery offense. And California courts have held in cases that we cite, such as McCombs and Guster and Stearns, which we cite in our brief, that any unpermitted touching, as long as it results in injury, whether or not the injury is intended... All right. Now, we're bound by your LaRico-Yano, right, as far as this Court is bound by your LaRico-Yano. And if LaRico-Yano covers your circumstances, you're out of luck. So you have to distinguish why LaRico-Yano is not controlling, right? That's right. And the only difference I can see is that's a criminal case and it's not an immigration case, but that's the only difference I can see. So the only time one three-judge panel decision would be not binding on another three-judge panel decision is if there's been intervening higher authority that undercuts the reasoning of that decision. And that's the Johnson v. United States case that we cite in our 20HA letter. There, Johnson — the Johnson — the Supreme Court did not require an actual example of applying the conduct — of applying conduct to — in a nonviolent way. They simply relied on the State's definition of the elements and said that they were bound by the State court interpretation of the elements, not just the statutory language, but the way that language has been interpreted by the courts. And here the courts have explicitly interpreted Section 273.5's elements to apply to the least nonconsensual touching. So any touching would violate the statute. And what the Supreme Court establishes in Johnson is that even though a nonconsensual touching technically is force, it's not force within the meaning of a violent crime. That requires violent force. And a nonconsensual touching — a least nonconsensual touching is nonviolent force. Now, the only other — the other way that we can distinguish Lurico-Yano is that Lurico-Yano held that the defendant there failed to meet his burden of proof by failing to provide an actual example of applying 273.5 to nonviolent force. And in our most recent 20HA letter dated April 7th, we do provide such an example. So whereas Mr. Lurico-Yano may not have met his individual burden of proof, Mr. Banuelos-Ayon has met his burden of proof there. And the case we provided is Estrada v. County of Los Angeles. And there the Court held that where a woman intentionally grabbed her fiancé's arm, which resulted in injury to the fiancé, in that case a punctured ear, there was probable cause to arrest under Section 273.5. Now, the grabbing of an arm is not categorically violent force. Indeed, that's — in the Seventh Circuit case of Flores v. Ashcroft, that's a specific example that the Court there gave of a type of use of force that would not be violent force, the grabbing of an arm that results in a bruise. When they were holding that, a statute very similar to 273.5, a battery statute requiring that injury result was not a crime of violence under Section 16A. I'm sorry. If a bruise — if the touching is sufficiently serious to result in a bruise, why isn't that — how does that support your case? Because it doesn't necessarily involve the type of force or destructive force that would result in violence, because the injury does not have to be intended, only the grabbing of the arm. No, no, no. I understand. But the injury in that case, what you explain, is — has to do with the ear somehow. So that was not the result of the grabbing. But I thought you were explaining that the grabbing was forceful enough to cause — itself to cause a bruise. And that just strikes me as being a — forget about the ear. A touching that's forceful enough to result in a bruise sounds to me like it's a violent touching. I'm sorry. Let me clarify. People touch each other all the time. You know, you're on a bath or something. You know, you bump up against people, or perhaps in a corridor you're passing somebody. People don't normally leave bruises on each other. So I'm just wondering how you got — why that case was your proposition. I'm sorry. Let me clarify. I apologize. In Estrada, there's no indication of how strong the grabbing was. All we know is that there was a grabbing of the arm, and somehow the victim ended up with an injury to the ear. But there's no indication that the force was violent in nature and that a grabbing of the arm isn't necessarily violent force. How the injury resulted, we don't know, and that's because the injury does not have to be foreseen. The court there held that she was liable under the statute whether or not injury was the foreseeable or likely result of the grabbing of the arm. In terms of the bruise, that was an example that the Seventh Circuit gave Judge Easterbrook in Flores v. Ashcroft in a situation where that panel decided would not constitute violent force. A simple grabbing of the arm, something that domestic partners may do to each other in various circumstances, in a variety of circumstances, doesn't necessarily require the use of force. And under the categorical approach, you don't — you have to account for all conduct that would be violent under the statute. And I'd like to reserve the remainder of my time for a bottle of wine. Thank you, sir. May it please the Court, my name is Tiffany Walters-Kleinert, appearing on behalf of Respondent, the United States Attorney General. The Board properly found Bunwell's removable because his conviction for corporal injury upon a spouse or a cohabitant under Section 273.5a is categorically a crime of domestic violence. Well, let me ask you this. Is — if I were to agree with you, say, under 16a, can wobblers even be a categorical crime of violence under — do you know what a wobbler is? I do. Okay. I'm sorry. I went back to my old criminal law days. But that's where it can be a misdemeanor or a felony, depending on the sentence. Right. And which appears that this can't — can a wobbler be a categorical crime of violence under 18 U.S.C. 16b, or does that have to go to the modified categorical approach? Under 16b, it would have to be a felony. And so we would need to have determination that his conviction was a felony under Federal law. So I believe — So if — if we were to agree to you under 16a, we don't really need to reach 16b. But if we didn't agree, then if we reached 16b, it would have to go back? I believe it would have to go back to the Board. The Board said it characterized the offense as a felony, but didn't really explain that characterization. And it's a little unclear from the conviction documents whether or not it could be fairly categorical. Well, it kind of looks like it might not be, because it said it had less than a year imprisonment, right? Correct. The conviction documents are not particularly clear as to the sentence in this case. It does appear that it's less than a year. Well, now, I talked to appellants' counsel. I discussed Lurico Yeno with appellants' counsel, and we asked her to be prepared on that. If we were to determine — and I'm only speaking hypothetically. I'm not speaking what anyone thinks. But if we were to generally follow Lurico Yeno, is there a need to be published on this issue as it applies to immigration cases? Because Lurico Yeno technically was not exact same context. Correct. This Court has held in numerous cases that the criminal sentencing context, as far as 16a goes, is equally applicable in the immigration context. And, in fact, two days after Lurico Yeno was decided, this Court issued a published decision in Vasquez Hernandez v. Holder, that's 590 Fed 3rd 1053, in an immigration context holding that 273.5a is a crime of violence. It didn't actually cite Lurico Yenco, probably because it was two days apart.  What do you do — so we interpreted the State statute on Lurico Yeno, and now counsel for the Petitioner offers a case, State case, that seems to be contrary to what we thought was the interpretation. Estrada? Well, let me just — right. But I'm asking about sort of the generic question. So we look at State law. We can't find a case either because the lawyer there is careless or because the States haven't yet decided a case involving a case that is broader than the generic definition. And then let's say they come up with a case where the State courts have interpreted the statute more broadly. What does that do to our precedent? I believe it would not — well, I believe that the precedent would still be binding on this Court. I think it would have to be an issue considered on Bonk at that point if they were to reverse the prior precedent of this Court. But the Court doesn't need to consider that issue in this case because Estrada does not undermine it. But if California says it's essentially not a crime of violence, but we say it is, are we bound by how California characterizes its statute? The Court is not bound by how California characterizes its statute in terms of whether it's a crime of violence. Johnson is quite clear on that. The question of whether or not it's a crime of violence is a Federal question. The Court is bound in terms of how California courts have — or the Supreme Court of California has identified the elements of the criminal offense. So any characterization of it as a crime of violence is entirely within this Court's jurisdiction to decide. But regardless of all that, you don't think Estrada, which really focused on whether or not there was probable cause to arrest in that particular case, you don't think Estrada stands for what Petitioner's Counsel says it does? I think the fact that it's a probable cause case is significant. And that doesn't show that a conviction actually resulted under those circumstances. But secondly, it does show that there was a grabbing resulting in a punctured ear. And I don't think that undermines the conclusion that 273.5A requires the intentional use of physical force. So it does not undermine the conclusion it's a crime of violence. And, in fact, Johnson — Well, Counsel for Petitioner argues that Johnson is intervening authority that takes the sting of Lurico Yeno away from him. What's your position about that? Johnson merely reaffirmed the position that this Court has long held, in that it requires a violent force to be a crime of violence. The statute in Johnson required merely an intentional touching, which is a far cry from what we have here, where the statute actually requires a willful infliction of direct force on the victim that results in an injury. This Court in Lurico Yeno followed the same set of procedures that the Court applied in Johnson. It also looked at State statutes. And while Petitioner argues that Lurico Yeno failed to follow the characterization of this as a battery offense, there's cases — California State cases going both ways in terms of whether or not it's helpful to analogize this offense to battery cases. I believe People v. Rodriguez is an example where the Court found — the California State Court found that battery wasn't a helpful analogy in determining, you know, how to determine whether or not there's a conviction under this case. So to that effect, Johnson simply reaffirms that it's a Federal question whether or not it's a crime of violence, and the Court simply looks to California decisions to determine the elements of the criminal offense. So in no way does Johnson undermine this Court's decision in Lurico Yeno and Vasquez-Hernandez, both of which the Board applied in an immigration context in a recent published decision to find that a conviction under 273.5a is a crime of violence, such that it renders an alien removable for having been convicted of a crime of domestic violence. And if there are no further questions, Respondent would request that the Court deny the petition because Lurico Yeno controls and rests on his briefs. Okay. Thank you. Thank you. You have about a minute left, Roboto. Judge Kaczynski, if I could just briefly address your question about the effect Estrada would have on Lurico Yeno. I don't think it would require end bank review because — for two reasons. First, Lurico Yeno was a case about whether the defendant really met his burden of proof to show a case. And the — It's not a State case anyway. I thought we were talking about — That's right. It's an unpublished decision of this Court. That doesn't help you at all. Well, it does because it shows how the State interpreted 273.5 in terms of the police arrested. There was a California police who arrested — I mean, you'd have a different case if you had — you know, we had looked at the body of State cases and said there's no case. You can point to outside the generic definition, but there's no State case now interpreting the statute as falling outside the generic definition. But I don't think — my understanding of Duane D. Alvarez's rule is it's not that strict. You need to show a realistic possibility that the statute is going to be applied in a non-generic way. And this is an example — Like I said, you can't use hypothetical or remote examples. What you have to do is actually point to a case. And so the case we — right. And they said an actual case, but there's no — a case that happened to arise in the Ninth Circuit is no less hypothetical than one that applies — that arose in the California courts, particularly when this Court was reviewing the actions of California law enforcement in carrying out an arrest. And although it was only a probable cause determination, this Court has held that in the Nicanor Romero case that we cited in our 28J letter, that the fact that it's not a conviction does not matter because the only difference between probable cause and a conviction is the burden of proof, not the elements of the offense or the conduct that's required to violate the statute. So in Nicanor Romero, the case example that was used to find that that crime was not a categorical crime of moral turpitude was a revocation of probation, which requires only preponderance of evidence rather than a guilt beyond a reasonable doubt. So the fact that this was a probable cause case doesn't make it any less a showing of a realistic opportunity that it would be applied in a non-generic manner. This was a case where it actually was applied. This woman was arrested for violating Section 273.5. She argued to the Court that her conduct could not have violated 273.5 because all she intended to do was to grab the defendant's arm. This Court specifically rejected that argument and said intending to grab the arm is sufficient to constitute a battery offense and, therefore, as long as it results in injury, whether foreseeable or not. But we don't actually know how the State courts interpreted it. This was our gloss in saying if they interpreted it a particular way, there wouldn't be a constitutional problem. We don't really know how the State courts interpreted it. There may be – there may have been lots of ways in which the Court could have interpreted that made it fall within the generic definition. And I think if that's the case, that's all the more reason why I think Johnson establishes that where State courts clearly define their elements broader than the generic definition, you don't need to have a case example there. I mean, in Estrada, the Ninth Circuit was applying California law that had interpreted 273.5 to be a battery offense that could be violated by the least touching. So it was applying the elements as interpreted by California. I don't think there was any dispute in that case that it was misapplying California law. And, in fact, it's consistent with all of the California law that we cite in our briefs. And so I think in that circumstance where you have the Court applying the clear elements of California law to any least touching, and then to say that in that example, because there's no specific California example it's pointing to because it's just pointing to the elements, places a higher burden than I think the Supreme Court in Duenas-Alvarez was trying to place. The Supreme Court only said that you need to show a realistic possibility of conviction. And this Court has since held that that can possibly be shown in a number of ways, not just with a specific case example. And for that reason, I think Estrada is the example here that wasn't provided in Larrico-Llano. Thank you. The case is signed. We'll cancel it.
judges: Martinez, Kozinski, Callahan